IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen J. Green, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:23-cv-3559-BHH |
| v. ) | |
| ) | **ORDER** |
| Ms. Baldwin; Mr. Nicholson; ) | |
| Mr. Spitzer; Ms. A. Stewart; Ms. Mabe; ) | |
| Mr. Brian Stirling; South Carolina ) | |
| Department of Corrections; Mr. Jenkins; ) | |
| Ms. Felicia McKie, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Stephen J. Green ("Plaintiff"), a state prisoner appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging claims of inadequate dental care. On March June 10, 2024, Defendant Mr. Jenkins ("Jenkins") filed a motion for summary judgment, and Defendant Ms. Baldwin ("Baldwin") filed a separate motion for summary judgments.[1] (ECF Nos. 154; 155.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

On January 27, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant in part and deny in part Defendants' motions. (ECF No. 193.) Specifically, the Magistrate Judge recommends that the Court deny Jenkins' and Baldwin's motions on the basis of failure to exhaust

---

[1] The other Defendants also filed a motion for summary judgment; however, when the Court was informed that Plaintiff had reached a settlement with these Defendants, the Magistrate Judge dismissed their motion for summary judgment as moot with leave to re-file if necessary. (ECF Nos. 151, 191.) On January 31, 2025, a stipulation of dismissal was filed as to these Defendants. (ECF No. 195.)

administrative remedies but grant the motions as to the merits of Plaintiff's § 1983 claims.

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.[2]

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's extremely thorough analysis.

---

[2] Plaintiff filed a letter on February 10, 2025, asking the Magistrate Judge to critique his briefs and make suggestions to help him improve his *pro se* filings. (ECF No. 197.) Importantly, nowhere in his letter does Plaintiff specifically object to the Magistrate Judge's findings and recommendations as to Defendants Jenkins' and Baldwins' motions for summary judgment.

**Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 46), and the Court grants in part and denies in part Defendants' motions for summary judgment. (ECF Nos. 154, 155.) Specifically, the Court denies the motions as to Plaintiff's failure to exhaust administrative remedies but grants the motions as to the merits of Plaintiff's § 1983 claims.**

**IT IS SO ORDERED.**

s/Bruce H. Hendricks
United States District Judge

February 14, 2025
Charleston, South Carolina